IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHELLY THOMSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-08-CA-105-FB |
| | § | |
| CHARLES E. LINCOLN AND | § | |
| PEYTON YATES FREIMAN, | § | |
| | § | |
| Defendants. | § | |

## *ORDER CONCERNING PENDING MOTIONS*

Before the Court are the Rule 59(a) Motion for New Trial or Rule 59(e) Motion to Alter Judgment of Remand Under Collateral Order Doctrine (docket #13), and the Motion to Remand (docket #20). In the Rule 59 motion, defendant Charles Lincoln asks this Court to set aside its April 21, 2008 Order Remanding Case because he believes the order of the Honorable Walter Smith is a nullity as to him. He also asserts this Court's order remanding case "is not really an order of remand at all" and neither it or Judge Smith's order "was proper." Rule 59(a) Motion for New Trial, docket #20 at page 5. Mr. Lincoln also asks that this Court, "pursuant to the Collateral Order Doctrine . . . will hear and entertain this Motion pursuant to rule 59(a) and (e) of the Federal Rules of Civil Procedure to Grant a Trial in this case and thereby alter its judgment of remand and accept jurisdiction over the present case." Id. at page 9.

As the Fifth Circuit Court of Appeals has long ago instructed, "It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case." Browning v. Navarro, 743 F.3d 1069, 1078 (5th Cir. 1984). As the court further explained, "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court." Id.; see Arnold v. Garlock, 278 F.3d 426, 438 (5th Cir. 2001)

("[o]nce the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction"); Tenbrook v. American Home Prods., No. 3:03-CV-2879-P, 2005 WL 767723 at *2 (N.D. Tex. Apr. 1, 2005) (citing Fifth Circuit cases of Browning v. Navarro, and Arnold v. Garlock, 278 F.3d 426, 438 (5th Cir. 2001) for the proposition: "when a federal district court decides to remand and so notifies the state court by mailing a certified copy of the remand order, the federal court is divested of jurisdiction"). A certified copy of this Court's order was mailed the Clerk of the Comal County District Court on April 24, 2008, thus at the time Mr. Lincoln filed his Rule 59(a) Motion for New Trial on April 29, 2008, this Court had been divested of jurisdiction. On that basis alone, the motion may be denied.

In the alternative, in the event the Court did not lose jurisdiction upon the certified mailing of the remand order and can consider the merits of the rule 59 motion, Mr. Lincoln contends this Court's order was not really an order of remand at all and was improper because it was based on a sanctions order entered by United States District Judge Walter Smith. That sanction order, as modified, requires all federal courts to remand any cases removed by Charles Lincoln to state court until the monetary sanctions imposed are "wholly paid into the registry of the court, or unless leave of court is first granted." This Court was not presented with any evidence the monetary sanctions were paid or leave of court was "first" granted. Therefore, the Court remanded the case for lack of jurisdiction based upon Judge Smith's order. In addition, Mr. Lincoln is trying to collaterally attack in this Court a previous sanction order entered in another case by another district court judge. His remedy would have been to appeal that sanction order to a proper appellate court. This Court is not the proper court to entertain such an appeal. See Will v. Hallock, 546 U.S. 345, 349 (2006) (setting forth the collateral order doctrine as "accommodating a 'small class' of rulings, not concluding the

litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action'" and recognizing the doctrine as a basis for jurisdiction in an appellate court); McCord v. Moss, 979 F.2d 1534, 1992 WL 352626 at *1 (5th Cir. Nov. 19, 1992) (appellate court found the appeal of a collateral sanctions order proper where underlying action had been remanded to state court and therefore no final federal court judgment would be entered); Markwell v. County of Bexar, 878 F.2d 899, 901 (5th Cir. 1989) (appellate court found to have appellate jurisdiction under the collateral order doctrine in case where Rule 11 sanctions imposed on an attorney who had "withdrawn from representation at the time of the appeal, and the immediate appeal of the sanctions order [would] not impede the progress of the underling litigation"); see also, Celotex v. Edwards, 514 U.S. 300, 306 (1995) (re-affirming well-established rule "that 'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order'"); Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi, 858 F.2d 973, 975-76 (5th Cir. 1988) (court lacked jurisdiction in suit regardless of label when substance of suit was review of previous court proceedings or matters arising out of those court proceedings); Lyons v. Sheetz, 834 F.2d 493, 494-95 (5th Cir. 1987) (district court correct in dismissing case attempting to relitigate issues addressed in previous case). As a result, this Court is bound, until such time as the order is overturned or its conditions are satisfied, by the order of United States District Judge Walter Smith and cannot exercise jurisdiction over the case. The rule 59 motion may also be denied on this basis.

In addition, even if the Court could reinstate the case under rule 59, the case would be reinstated for the purpose of more clearly setting forth the reasons for the remand. As previously discussed, this Court lacks jurisdiction over the case based upon the sanctions order entered by Judge

Smith and even if that order were not in place, the Court lacks jurisdiction over the matter because the defendant has failed to prove diversity jurisdiction or federal question jurisdiction.

In the Notice of Removal filed by Mr. Lincoln in this case on February 7, 2008, he shows his address to be in Austin, Texas, and he does not base his Notice of Removal on diversity jurisdiction. Instead, he asserts, in part, that plaintiff's complaint does not assert any state law causes of action but the elements "most closely (if they describe anything) a civil claim for civil damages under the Federal Racketeering Statute 18 U.S.C. § 1964(c)." He also lists other federal statutes which he claims plaintiff is attempting to pursue against him. However, the plaintiff is the master of her complaint and "may generally allege only a state law cause of action even where a federal remedy is also available." Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). Under the "'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state cause of action." Such is the case here. In her Original Petition, plaintiff sets forth her causes of action as follows:

> 17. The Court should enter declaratory judgment that the purported liens filed by Charles Lincoln and Peyton Freiman are invalid for at least following [sic] reasons: 1) there is no authorization under Texas Law for a lien on a homestead to secure either "attorneys' fees" (illegal in and of itself when charged by a non-attorney) or moving expenses, 2) the Texas Constitution allows liens on homesteads only for specific purposes and in some instances when specific paperwork has been prepared and signed and these purported liens doe not qualify, and 3) there is no debt owed to Charles Lincoln or Peyton Freiman - the moving services and "legal services" were provided gratuitously. They supplied their illegal attorney "services" and moving "services" without charge. They expressly agreed that they were doing this as friends and in exchange for obligations owed to Jon Roland (Jon Roland has loaned Charles Lincoln very substantial amounts of money).
>
> 18. Further, Charles Lincoln and Peyton Freiman are guilty of extortion and fraud both common law and statutory. They acted with culpability sufficient for exemplary damages. The Court should grant judgment for actual damages and exemplary

damages. Further, they violated Texas statutes prohibiting the filing of fraudulent liens causing damages and attorneys' fees.

<u>Original Petition and Application for Temporary Restraining Order</u> at pages 3-4, attached to the Notice of Removal filed in this cause. Therefore, in the alternative, if this Court has jurisdiction to reinstate the case, the motion is granted. Accordingly, IT IS FURTHER ORDERED that this case is REMANDED pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction to the 274th Judicial District Court, Comal County, Texas. See <u>Hood v. Allstate Ins. Co.</u>, 67 F. App'x 248, 2003 WL 21145735 at *3 (5th Cir. Apr. 30, 2003) (court not only discussed previous remand order but reinstated original remand and declared the case remanded on separate grounds; the separate grounds contained the "magic words" would made the district's court order of remand "unreviewable").

Based on the foregoing, IT IS HEREBY ORDERED that the rule 59(a) Motion for New Trial or Rule 59(e) Motion to Alter Judgment of Remand Under Collateral Order Doctrine (docket #13) is DENIED. In the alternative, if jurisdiction is found, the motion is GRANTED, the case reinstated, and REMANDED for lack of subject matter jurisdiction. IT IS ALSO ORDERED that the Clerk send a certified copy of this order to the Clerk of the 274th District Court, Comal County, Texas.

Also pending before this Court is a Motion to Remand filed by the plaintiff on June 10, 2008 (docket #20). That motion appears to concern a removal by Peyton Freiman and not Charles Lincoln. Accordingly, the motion is DENIED as to this case, and the Clerk is directed to remove the Motion to Remand from this case and reassign it to the cause number associated with the removal by Mr. Freiman.

It is so ORDERED.

SIGNED this 31st day of March, 2009.

FRED BIERY
UNITED STATES DISTRICT JUDGE